UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
LLOYD N. PRICE EL,             :
                               :   Civ. A. No. 11-2213 (NLH)(AMD)
                Plaintiff,     :
                               :
         v.                    :
                               :   OPINION
SUPERIOR COURT OF NEW JERSEY,  :
et al.,                        :
                               :
                Defendants.    :
_____
```

APPEARANCES:

LLOYD N. PRICE EL
6035 N. WEST JERSEY AVE.
EGG HARBOR TOWNSHIP, NJ 08234

     Appearing pro se

LUANH LLOYD D'MELLO
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
DIVISION OF LAW
25 WEST MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

     On behalf of defendants

**HILLMAN, District Judge**

    Plaintiff, Lloyd N. Price El, claims that defendants--the

Superior Court of New Jersey, three New Jersey Superior Court

judges,[1] and two New Jersey state probation officers--violated

---

[1] Since the filing of his opposition to defendants' motion to
dismiss, plaintiff has filed two letters addressed to the Clerk
of the Court requesting the addition of two more New Jersey
Superior Court judges as additional parties and to serve
summonses upon them.  (See Docket Numbers 14 and 15.)   This is
procedurally improper, see Fed. R. Civ. P. 15(a)(2), and even if

his federal and state constitutional rights, as well as various criminal and civil statutes, when he was arrested, incarcerated and fined on several occasions spanning from July 2002 through March 2011 because of his failure to pay child support. Plaintiff seeks money damages for his "kidnaping" and having to pay "ransom." Plaintiff also seeks a "cease and desist order" against defendants to prevent further harassment.

Presently before the Court is the motion of defendants to dismiss plaintiff's complaint, and plaintiff has opposed that motion. Also before the Court is plaintiff's motion for a "cease and desist" order. For the reasons expressed below, defendants' motion will be granted, and plaintiff's motion will be denied.

## DISCUSSION

### A.   Jurisdiction

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New Jersey state law. This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### B.   Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure

---

plaintiff properly moved to amend his complaint to add these parties, such motion would be futile for the same reasons expressed below.

to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d
347, 351 (3d Cir. 2005).  It is well settled that a pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is
not necessary to plead evidence, and it is not necessary to plead
all the facts that serve as a basis for the claim.  Bogosian v.
Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However,
"[a]lthough the Federal Rules of Civil Procedure do not require a
claimant to set forth an intricately detailed description of the
asserted basis for relief, they do require that the pleadings
give defendant fair notice of what the plaintiff's claim is and
the grounds upon which it rests."  Baldwin County Welcome Ctr. v.
Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation
omitted).

A district court, in weighing a motion to dismiss, asks
"'not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claim.'"
Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)
(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in

3

Twombly expounded the pleading standard for 'all civil actions' .
. . .”); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.
2009) (“Iqbal . . . provides the final nail-in-the-coffin for the
'no set of facts' standard that applied to federal complaints
before Twombly.”).

Following the Twombly/Iqbal standard, the Third Circuit has
instructed a two-part analysis in reviewing a complaint under
Rule 12(b)(6).  First, the factual and legal elements of a claim
should be separated; a district court must accept all of the
complaint's well-pleaded facts as true, but may disregard any
legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S.
Ct. at 1950).  Second, a district court must then determine
whether the facts alleged in the complaint are sufficient to show
that the plaintiff has a "'plausible claim for relief.'"  Id.
(quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more
than allege the plaintiff's entitlement to relief.  Id.; see also
Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)
(stating that the “Supreme Court's Twombly formulation of the
pleading standard can be summed up thus: 'stating . . . a claim
requires a complaint with enough factual matter (taken as true)
to suggest' the required element.  This 'does not impose a
probability requirement at the pleading stage,' but instead
'simply calls for enough facts to raise a reasonable expectation
that discovery will reveal evidence of' the necessary element”).

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## C.  Analysis

In his complaint, plaintiff is seeking two things: (1) damages in the amount of $500,000 for the violation of his due process rights, harassment, and other alleged injuries relating

to his arrests and incarcerations for his failure to pay child support, and (2) an injunction[2] ordering the defendants to remove his name from the "child support most wanted list," and to stop harassing him to pay child support.  This Court cannot grant either form of relief, and, therefore, plaintiff's complaint must be dismissed.

A threshold problem with plaintiff's complaint is that it is in violation of Federal Civil Procedure Rule 8(a).  Under the liberal federal pleading rules, the pleadings are required to give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests.  Baldwin County Welcome Ctr., 466 U.S. at 149-50 n.3.  Although plaintiff's complaint claims that defendants violated his due process rights, he does not specify which defendant committed what violative acts.  Moreover, plaintiff lists numerous criminal and civil violations allegedly perpetrated by defendants, but he makes his claims collectively against all defendants, and does not provide defendants with any indication of which claims applies to them.  Even though pro se complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from

_____

[2]Plaintiff has captioned what the Court has construed to be his request for injunctive relief as a "cease and desist" order and as a "petition for writ of habeas corpus."  (See Docket No. 5.)

conforming to the standard rules of civil procedure." <u>McNeil v.</u>
<u>United States</u>, 508 U.S. 106, 113 (1993).  Plaintiff has failed to
meet this basic element.

Even if plaintiff were permitted to amend his complaint to
specify the claims against defendants, it would be futile.  <u>See</u>
<u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482
F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law
"supports the notion that in civil rights cases district courts
must offer amendment--irrespective of whether it is
requested--when dismissing a case for failure to state a claim
unless doing so would be inequitable or futile").  There are
several reasons why plaintiff's claims substantively fail.

First, plaintiff's claims for money damages against the
state and the individual defendants, who have been sued in their
official capacities, are barred by the doctrine of sovereign
immunity.  <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S.
58, 66 (1989) (stating that § 1983 "provides a federal forum to
remedy many deprivations of civil liberties, but it does not
provide a federal forum for litigants who seek a remedy against a
State for alleged deprivations of civil liberties.  The Eleventh
Amendment bars such suits unless the State has waived its
immunity"); <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979)
(reaffirming "that a suit in federal court by private parties
seeking to impose a liability which must be paid from public

7

funds in the state treasury is barred by the Eleventh
Amendment"); Employees of Dept. of Public Health & Welfare v.
Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973)
(stating that even though the text of the Eleventh Amendment
expressly bars suits in federal court against states by citizens
of other states and foreign states, the Amendment has been
broadly interpreted to provide immunity to an unconsenting state
for "suits brought in federal courts by her own citizens as
well"); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985)
(stating that suing a government employee in his official
capacity "generally represent[s] only another way of pleading an
action against an entity of which an officer is an agent"); Melo
v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the
Eleventh Amendment has been interpreted to bar suits for monetary
damages by private parties in federal court against a state,
state agencies, or state employees sued in their official
capacity).

Additionally, neither the state nor the individual
defendants, sued in their official capacities, are "persons"
under § 1983, which is a requirement for money damages under §
1983.  See Will, 491 U.S. at 66, 71 (stating that a state is not
a "person" within the meaning of § 1983, and a "a suit against a
state official in his or her official capacity is not a suit
against the official but rather is a suit against the official's

office," and "[a]s such, it is no different from a suit against the State itself").

Moreover, the judge and probation officer defendants are immune from suit on the basis of absolute judicial and quasi-judicial immunity.  Under the doctrine of judicial immunity, a judge is entitled to absolute immunity from civil suits for actions arising from his or her judicial actions.  See Mireless v. Waco, 502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."). Quasi-judicial officers, such as probation officers, also enjoy judicial immunity when they act pursuant to a court directive.  Stankowski v. Farley, 251 Fed. Appx. 743, 746 (3d Cir. 2007) (citing Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972)).

The defendant judges and probation officers' immunity is overcome in only two sets of circumstances: when the actions are not taken in their capacities as judges or probation officers, or when their actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  See Mireless, 502 U.S. at

9

11-12.  Here, plaintiff has alleged no facts to suggest that these defendants' interactions with plaintiff occurred outside of their duties as judicial or probation officers in their enforcement of New Jersey child support laws.  Thus, plaintiffs' claims against defendants fail for this reason as well.

Finally, with regard to plaintiff's motion for a "cease and desist" order, the Court cannot entertain plaintiff's request.  Because defendants' decisions regarding the imposition of child support, the issuance of warrants for his arrest for his failure to pay child support, the resulting arrests and incarcerations, and his inclusion on the state's "most wanted list," all derive from the state court system and are based on state law, the Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

Further, the Rooker-Feldman doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiff's request, which effectively seeks to vacate an order of the New Jersey Superior Court.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that in the Rooker and Feldman cases, plaintiffs in both cases, alleging

10

federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment).  Additionally, although it not clear from plaintiff's complaint, issues of abstention may be implicated.  See, e.g., Weinstein v. Lasover, 1993 WL 475505, *2 (E.D. Pa. 1993) (abstaining under Younger v. Harris, 401 U.S. 37 (1971), which is the abstention doctrine resting on a strong federal policy of noninterference with pending state judicial proceedings, from issuing an injunction enjoining the enforcement of a visitation and support order); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (providing that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest").

     To the extent that plaintiff's complaint can be construed as requesting prospective injunctive relief against the state, the judges, or the probation officers, the law provides a possible basis for that relief.  The judicial doctrine of Ex Parte Young allows suits against states in federal court seeking prospective injunctive relief to proceed only against state officials acting in the official capacities.  See Ex Parte Young, 209 U.S. 123 (1908).  The exception created by Ex Parte Young has been interpreted to allow suits against state officials for

prospective and declaratory relief in order to end continuing violations of federal law.  Balgowan v. State of New Jersey, 115 F.3d 214, 217 (3d Cir. 1997); see also Doe v. Division of Youth and Family Services, 148 F. Supp. 2d 462, 483 (D.N.J. 2001). This doctrine is not applicable, however, if "the relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter," and, as when the state or state agency itself is named as the defendant, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (citations omitted).  Further, "a federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."  Id. at 104.  Thus, the Ex Parte Young doctrine does not apply when a suit is ultimately asking a federal court to direct a state official on how to operate under state law.

    Based on the claims in plaintiff's complaint, it is clear

that the <u>Ex Parte Young</u> doctrine is not implicated.  Although plaintiff claims that his due process rights were violated by defendants, plaintiff is actually asking this Court to prohibit the defendants from enforcing state child support laws against him.  Thus, the <u>Ex Parte Young</u> doctrine is inapplicable. Moreover, even if the court were to enjoin the individual defendants, such an injunction would operate against the state, which is prohibited as explained above.  Finally, even if plaintiff claimed that the individual defendants acted outside the scope of their official duties, the <u>Ex Parte Young</u> doctrine is not applicable to claims against state officers acting in their personal capacities.

Consequently, because the Court cannot grant plaintiff the relief he has requested, plaintiff's complaint must be dismissed. An appropriate Order will be entered.


Date: January 12, 2012                        s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

13